■ Town of Esopus et al., Appellants, v Brinnier & Larios, P. C., et al., Appellants, and Continental Casualty Company, Respondent, et al., Defendants. (And Two Third-Party Actions.)—Mikoll, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 8, 1987 in Ulster County, which granted defendant Continental Casualty Company's motion for summary judgment dismissing the complaint and cross claims against it and denied a cross motion by plaintiff Town of Esopus for summary judgment.

Plaintiffs, Port Ewen Sewer District and the Town of Esopus, entered into a contract with defendant Ayvee Construction Company, Inc., in December 1977 for the construction of a sewer collection system. Defendant Continental Casualty Company issued a performance bond as surety for Ayvee to guarantee Ayvee's performance of the contract. The performance bond contained the following limiting provisions: "Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due."

In 1980, Ayvee concluded its performance under the contract and such performance was accepted by defendant Brinnier & Larios, P. C., acting as engineers for the town and as representatives of the town. The town took control of the sewer system in July 1980 and made final payment to Ayvee by check dated December 30, 1980.

In 1983, potential problems in the sewer system were discovered by a town employee. It developed that Ayvee had installed certain sewer lines in a manner which deviated from the contract specifications and that Brinnier & Larios and the

town superintendent knew of the deviation when they accepted performance.

In September 1984, plaintiffs sued Brinnier & Larios, Christus Larios, Ayvee, Anthony Costanzi (president of Ayvee) and Continental for specific performance and for damages incurred as a result of the defective installation. Continental set forth the affirmative defense of the Statute of Limitations, alleging that any claim against it was time barred two years after the town made final payment. Continental moved for summary judgment dismissing all claims made against it. The town in opposition argued that final payment never became due because the town was fraudulently induced to accept performance and make payment. The town cross-moved for summary judgment, claiming that the acceptance of performance was void because it was procured fraudulently. Supreme Court granted Continental's motion and denied the town's cross motion. This appeal by the town, Brinnier & Larios and Christus Larios (hereinafter appellants) ensued.

The order of Supreme Court granting Continental's motion for summary judgment should be affirmed. The court properly found that the town's cause of action against Continental, brought more than two years after performance was accepted and final payment was made, was therefore time barred by the contractual limitations period (see, Yeshiva Univ. v Fidelity & Deposit Co., 116 AD2d 49, lv denied 68 NY2d 603).

Appellants' attempt to distinguish the instant case from Yeshiva, contending that an element of fraud is present in the former case but not the latter, is rejected. In Yeshiva it is clear that the parties intended that actions against the surety be governed by a limitations period different from the statutory limitations period. Continental also contracted for a certain, definitive limitations period. That period began to run when Ayvee completed its work and the town accepted and made final payment. The latent defect or fraud uncovered at a later date does not change this limitation.

Appellants' argument that equity prevents a wrongdoer from benefiting from his own wrong is not persuasive since it cannot be said that Continental is a wrongdoer in this case. We have considered appellants' other arguments for reversal and find them without merit.

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.